WILLIAM J. MINGLE, JR., ET AL., PROSECUTORS, v. BOARD OF ADJUSTMENT OF THE CITY OF ORANGE ET AL., RESPONDENTS.

Submitted October 14, 1927—Decided June 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutors, *Green & Green.*

For the rsspondents, *Howe & Davis.*

PER CURIAM.

This case is presented to this court through the medium of a rule to show cause why a writ of *certiorari* should not be issued to review the decision of the board of adjustment of the city of Orange. The record presents a new phase of the zoning situation. John E. Mahoney owned a gasoline station located on the northeast corner of Centre street and Tremont avenue, in the city of Orange. In the front of the station were six gasoline pumps located between the sidewalk and the curb. In order to improve the condition created by motor

vehicles stopping on the public highway, Mahoney purchased the corner property. He desired to make improvements upon his station and to add an automobile laundry, stores and apartments. The plan as first submitted was unsatisfactory. Mahoney made a new application. The building inspector refused to grant it. The matter was referred to the board of adjustment. After the plans were altered the board of adjustment approved the same and directed a permit to be given to Mahoney.

The prosecutors own the land upon the opposite corner. They claim they were not given any notice of the hearing before the board of adjustment. The hearing was to be had before the board of adjustment on July 14th, 1927. Notices were served and publication was made. No quorum of the board was present. The meeting was then adjourned to August 11th. Later, it was adjourned to August 25th. There is no question but what the newspaper publication was made and also that notices were left at the residence of William J. Mingle, Jr., a prosecutor, one under the door and one in the mail box. The contention of the prosecutors is that they were not served with the notice of appeal, and that the previous decision of the board was *res adjudicata* and that the board of adjustment did not have authority to issue the permit. There is no statute or city ordinance fixing any method by which notice to the prosecutors was required to be given. At the time of the hearing the board of adjustment had before it evidence that notice had been served at the residences of the prosecutors and that publication had been duly made in a local newspaper. It was not denied by the prosecutors that service in the manner mentioned had been made. Their contention was they had not seen the papers. The fact that the prosecutors may not have received the notice or seen it in the newspaper might have been made, if the attention of the board of adjustment was called to it, basis for an application for an adjournment or a reopening of the case. No such action, however, was taken by the board of adjustment. We have reached the opinion that the board of adjustment had jurisdiction and that under the circumstances proper notice was given to the prosecutors.

The second contention is that the action first taken of refusing to grant the permit was *res adjudicata*. We see no merit in this contention, because the application under review was a second application. It was made to overcome the objections found with respect to the first application. The facts in the two applications were different. The position of the prosecutors is not within the principles of law covering the subject of *res adjudicata.*

The burden is upon the prosecutor to show that the action of the board of adjustment was unreasonable. This they failed to do. In fact, one of the prosecutors admits that the proposed rearrangement of the gasoline station of Mahoney will make it less objectionable than the station was during the preceding years in which it was conducted by Mahoney.

In view of the fact that there is a presumption that the action of the board of adjustment was right (*Silvester* v. *Princeton,* 5 *N. J. Adv. R.* 501), we have reached the conclusion that the action of the board of adjustment in the present case should not be disturbed. This results in a discharge of the rule to show cause.